IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 JAN 21 AM 11: 48

CLERK ALBUQUERQUE

ROBERT CORTEZ,

    Plaintiff,

vs.

WAL-MART STORES, INC.,

    Defendant.

No. CIV No. 03-1251 BB/LFG

## PLAINTIFF ROBERT CORTEZ' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

COMES NOW, Plaintiff Robert Cortez, ("Mr. Cortez") by and through his attorneys, Rodriguez Law Firm (Augustine M. Rodriguez, Esq.), for Plaintiff's Response in Opposition to Defendant Wal-Mart Stores Inc.'s Motion in Limine (Dkt. No. 51, filed January 18, 2005), would show unto this Honorable Court as follows:

### I. INTRODUCTION

The Defendant's Motion in Limine should be denied. The evidence and testimony that the Defendant is trying to exclude from trial is relevant and imperative to the claims that survived summary judgment. Although Defendant's Motion does request that the Court make a ruling on each of the matters set forth in its motion as they come up at trial, Plaintiff will take this opportunity to brief the issues and provide the Court with arguments against each request.

### II. ARGUMENT

**A. THE COURT SHOULD NOT EXCLUDE EVIDENCE RELATING TO THE DISMISSED CLAIMS.**

In order to establish a prima facie claim for discriminatory failure to promote under the Age Discrimination in Employment Act, (Hereinafter "ADEA"), Mr. Cortez, must show that: (1) he was



58

at least age 40; (2) he applied for and was qualified for the promotions; (3) despite his qualifications, he was rejected; and (4) the positions remained open, or a different individual was selected for the position. *Ellison v. Sandia Nat'l Labs*, 192 F.2d 1240, 1251 (D.N.M. 2002)(age bias). This Court has already ruled that Mr. Cortez has made a prima facie showing of age discrimination arising out of the promotion of Angel Valdez to co-manager in 2001; the promotion of Ray Rubio and Juan Jimenez to general manager in 2001 and the promotion of Angel Valdez to general manager in 2002.

In addition, Mr. Cortez has made a prima facie showing that the age discrimination was willful because as the Court found, Mr. Carlos Doubleday's "comments can reasonably be construed as a statement to Plaintiff that younger managers would be preferred when promotion decisions were being made." *See* Memorandum & Opinion (Hereinafter, "Mem. Op. & Order"), Dkt. No. 50, p. 9. Moreover, for a complete analysis of Mr. Cortez' claims under the ADEA, Mr. Robert Cortez should be permitted to present evidence of factors that tend to show that the discrimination was willful, i.e., intentional. 29 U.S.C. § 629(b). Case law has shown that when there is a "pattern and practice" by the employer, the discrimination can be construed as willful, warranting double liquidated damages. *Mistretta v. Sandia Corp.*, 639 F.2d 588 (10th Cir. 1980). In this instance, evidence of other instances where Mr. Cortez was passed over for promotion becomes relevant to his claims.

Plaintiff does concede that evidence relating to Mr. Cortez' racial discrimination claims should not be presented in open court. Although, the promotions that Mr. Cortez was passed over prior to Mr. Cortez' EEOC charge, should be allowed because they show that Mr. Cortez was qualified for the position of general manager years before Mr. Carlos Doubleday informed Mr. Cortez that younger employees were given preference for promotion. Certainly, this information is "background evidence" that can support his timely claims of age discrimination. *Martinez v. Potter*,

347 F.3d 1208, 1211 (10th Cir. 2003). Therefore, Mr. Cortez' requests for promotion prior to his EEOC charge are relevant and should also be allowed. Any potential prejudice, if any, to Defendant can be alleviated by giving the appropriate jury instructions.

## B. THE COURT SHOULD NOT PRECLUDE EVIDENCE THAT MR. CORTEZ WAS "CONSTRUCTIVELY DISCHARGED."

Mr. Robert Cortez filed his original complaint *pro-se*, and in that complaint, in paragraph 26, Mr. Cortez alleged a claim for constructive discharge, in sufficient form to satisfy the notice pleading requirement. ***Complaint***, Dkt. No. 1. In this Court's memorandum opinion, the Court did not address the issue of constructive discharge based on the surviving claims of age discrimination. Mem. Op. & Order, Dkt. No. 50. Plaintiff intends to submit jury instructions on constructive discharge.

Constructive discharge is not a cause of action in and of itself; it is a means of proving that what is in form a resignation, was actually in fact a discharge prompted by the intolerable circumstances created by an employer after an act of discrimination. Constructive discharge can be invoked to support a variety of tort, contractual or statutory claims. In this case, Mr. Cortez alleged constructive discharge based on both race and age discrimination. Mr. Cortez' age discrimination claims still survive, and therefore his constructive discharge claims based on the surviving age discrimination claims do to.

"In order to prevail on a constructive discharge claim, a plaintiff must demonstrate under an objective test that a reasonable person would have viewed her working conditions as intolerable." ***Rodriguez v. America Online, Inc.***, 183 F. Supp. 2d 1340 (D.N.M. 2001); See also, ***Derr v. Gulf Oil Corp.***, 796 F.2d 340, 343-44 (10th Cir. 1986). "A plaintiff must show that he had no other

3

choice but to resign his employment." *Id.*, (quoting Woodward v. City of Worland, 977 F.2d 1392, 1401 (10th Cir. 1992)). "A finding of constructive discharge must not be based only on the discriminatory act; there must also be aggravating factors that make staying on the job intolerable." *Id.*, See also, ***James v. Sears, Roebuck & Co., Inc.***, 21 F.3d 989, 992 (10th Cir. 1994). "A constructive discharge occurs when an employer effectively prevents an employee from performing his job." *Id.*, See also, ***Sanchez v. Puerto Rico Oil Co.***, 37 F.3d 712, 719 (1st Cir. 1994). "Actions such as demotions, offers of early retirement, reassignments to job with lower status or pay, depending upon the individual facts of the case, may constitute aggravating factors that would justify a finding of constructive discharge." *Id.*

Mr. Cortez filed his charge of discrimination on June 28, 2002, and the EEOC did not issues a Letter of Determination of Dismissal and Right to Sue until July 21, 2003. ***Complaint***, Dkt. No. 1, p. 2. Mr. Cortez was employed with Defendant through April 29, 2003. The following facts occurred after Mr. Cortez filed his EEOC charge on June 28, 2002:

1.  In 2002, Mr. Cortez applied for a General Manager position at a Club in Puerto Rico, but was denied a promotion.

2.  In 2002, Mr. Cortez applied for a General Manager position at a Club in San Antonio, Texas, but was denied a promotion..

3.  Mr. Cortez had to take a medical leave of absence from March 2002 to May 2002 because he was under emotional distress at work.

4.  Mr. Cortez applied for the general manager position at Club 4703 in Albuquerque, but the position was given to Janice Trelewitz, who was 28 years old.

5.  Mr. Cortez was given negative performance coachings by Mr. Greg Garner and was told by Greg Garner that he was going to "coach him out the door."

4

6. The annual evaluations that Mr. Greg Garner gave to his employees, including to Mr. Cortez in 2002 not reflective on Mr. Cortez' work performance.

7. Mr. Cortez suffered a work related injury and although he was proceeding through the Workers' Compensation Administration, Mr. Cortez was forced to work despite his work restrictions.

See Plaintiff's Statement of Material Fact, Plaintiff's Response Brief (Dkt. No. 37). All of these facts are "aggravating factors" that must be considered in order for the jury to determine whether or not the situation would "make staying on the job intolerable," so as to substantiate a showing of constructive discharge based on the intentional age discrimination by Carlos Doubleday against Mr. Cortez with regard to the four promotions at issue. *Id*.

"Actionable constructive discharge must be caused by an illegal act." ***Garcia v. Purcell***, 1995 U.S. Dist. LEXIS 21999 (D.N.M. 1995). In this case, the illegal act was age discrimination for which Mr. Cortez took action to alleviate by filing his EEOC charge. The "aggravating factors" in this case are certainly relevant to show that Mr. Cortez was forced to resign. Moreover, Mr. Cortez can show that by filing his EEOC charge and staying at his job, while continuing to apply for promotion shows that he "took steps that a reasonable person would have taken to make h[is] working conditions more tolerable," yet to no avail. *Id*. Therefore, Mr. Cortez' evidence of requests for promotion after his EEOC charge, of his mental and physical state and of his work performance evaluations after his EEOC charge should be allowed. Any potential prejudice, if any, to Defendant can be alleviated by giving the appropriate jury instructions.

### III. MR. CORTEZ SHOULD BE ALLOWED TO INTRODUCE EVIDENCE OF ECONOMIC LOSS AND EMOTIONAL DISTRESS.

"The purpose of equitable remedies under the [ADEA], a[] statute with remedies based on Title VII, is to make a plaintiff whole." ***Gonzales v. Sandoval County***, 2 F. Supp. 2d 1442 (D.N.M.

5

1998); See also, *Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212, 1215 (10th Cir. 1992). "To do so is to put the plaintiff, as nearly as possible, into the position in which he or she would have been absent the discriminatory conduct." *Id.* In this case, absent the discriminatory conduct Mr. Cortez would have been a general manager since the year 2000. The statutory damages allowed by the ADEA include back pay and front pay, in lieu of promotion or reinstatement. 29 U.S.C. § 621 *et seq.* "Front pay is an alternative remedy where there is no job available or where there is a hostile relationship," that makes reinstatement an impossibility. *Jackson v. City of Albuquerque*, 715 F. Supp. 1048 (D.N.M. 1987); citing, *Cassino v. Reichbold*, 817 F.2d 1338, 1346 (9th Cir. 1987). "Front pay is intended to compensate victims of discrimination following judgment for any continuing effects of discrimination, until the victim can be made whole. *Pitre v. Western Elec. Co.*, 843 F.2d 1262, 1278 (10th Cir. 1988).

In this case, Dr. M. Brian McDonald completed an economic analysis of Mr. Cortez' economic damages in the form of back pay and front pay. Back pay entitles Mr. Cortez for damages from the act of discrimination until it is heard at trial. Front pay as discussed above, entitles Mr. Cortez to damages suffered after the trial if reinstatement is not possible because of a hostile relationship with the employer is adduced. Dr. McDonald will be available to testify and will have an opportunity to modify his analysis according to the decision made by this Court regarding the actionable claims that Mr. Cortez is allowed to bring. Defendant had an opportunity to depose Dr. McDonald during the discovery phase of this case and chose not to do so. In addition, Defendant had an opportunity to provide their own expert to counter the findings of Dr. McDonald, all of which can be done through the cross-examination of Dr. McDonald and the direct examination of any expert witness disclosed by Defendant at trial.

As discussed above, Mr. Cortez' emotional distress is evidence relevant to his claim of constructive discharge. Therefore, the Court should allow the evidence relating to the economic analysis completed by Dr. McDonald and evidence of Mr. Cortez' emotional distress that was an aggravating factor in his constructive discharge claim. Any potential prejudice, if any, to Defendant can be alleviated by giving the appropriate jury instructions.

## IV. THE COURT SHOULD NOT EXCLUDE PLAINTIFF'S EVIDENCE CONCERNING THE AGES OF SAM'S CLUB EMPLOYEES.

The Defendant improperly classifies the table created by Plaintiff that lists the ages and years of experience of Sam's club employees promoted to general managers as "statistical evidence." *See* Exhibit I to Plaintiff's Response Brief (Dkt. No. 37). Defendant provided the names, ages and years of experience of the employees Defendant promoted to general manager. *Id.* The tables that Defendant provided during discovery reflect only promotions for Clubs 6543, 5689, 4703 and 6408. *Id.* The table does not present any statistics, but is simply a table that shows the age and experience of employees promoted to general manager. The table does not present a statistical analysis by age of employees to the general population of general managers employed by Defendant. Statistical evidence by definition is a mathematical analysis that compares population groups through percentages to establish for example, that a particular population is under-represented.

A suitable example of such is illustrated in case law, where for example statistical evidence was used to show that the company in *Lasso* in "1977 had 43.75% Spanish people working for the company in the State of New Mexico... [and]... [i]n 1978, 41% of the New Mexico work force of the company were Hispanics." *Lasso v. Woodmen of the World Life Ins. Co.*, 741 F.2d 1241 (10th Cir. 1984). This is statistical evidence because it compares the Hispanic population to the overall

7

company population. The table presented here does no such thing. The table merely collects relevant employee information from approximately four pages of information provided by Defendant and condenses it into a single table. Any potential prejudice, if any, to Defendant can be alleviated by giving the appropriate jury instructions.

## V.   TESTIMONY OR OTHER EVIDENCE THAT CHARLES WRIGHT WAS SUBJECTED TO AGE DISCRIMINATION SHOULD NOT BE EXCLUDED.

The "Troy Aikman" conversation was between Carlos Doubleday, Gregory Marrufo, Robert Cortez and Charles Wright. Mr. Doubleday denied that the conversation ever occurred and Gregory Marrufo claims that he has no recollection of any such conversation. Charles Wright and Robert Cortez remember the conversation. Mr. Wright's allegations are admissible. The jury will have to decide whether or not Mr. Wright's allegations are credible. And as such, Mr. Wright's allegations must be allowed because they are relevant to whether or not Mr. Doubleday intentionally discriminated against Mr. Cortez. Any potential prejudice, if any, to Defendant can be alleviated by giving the appropriate jury instructions.

## VI.   PLAINTIFF'S ALLEGATIONS OF OTHER "BAD ACTS" SHOULD NOT BE EXCLUDED.

Defendant wants to exclude the testimony of Plaintiff where he stated that "(1) his nickname at work was "Shortez;" (2) Sam's Club engaged once in a practice that Plaintiff called "Hide the Mexican;" (3) certain Sam's Club employees cursed; and (4) one co-employee was caught drinking alcohol and smoking while at work." As discussed above, these actions are relevant to the employment conditions that substantiate Mr. Cortez' claim of constructive discharge and should be allowed. These examples tend to show and are relevant to the fact that the working conditions were so intolerable that Mr. Cortez was forced to resign. Any potential prejudice, if any, to Defendant

8

can be alleviated by giving the appropriate jury instructions.

## VII. EVIDENCE OR TESTIMONY REFERRING TO THE REPUTATION OR BAD ACTS OF SAM'S CLUB WITNESSES SHOULD NOT BE EXCLUDED.

Although Defendant's motion does not explicitly state what reputation or bad acts it is referring to, Plaintiff does know that at least the character of Mr. Greg Garner is in question because Mr. Garner was demoted from his position as general manager because of ethical violations during his employment. *See*, Plaintiff's Response Brief (Dkt. No. 37). Mr. Garner resigned after his demotion and is expected to testify that his low evaluations of Mr. Cortez were justified, when in reality, at the time the evaluations were given, Mr. Garner was being investigated for ethical violations that lead to his demotion and subsequent replacement by Janice Trelewitz. *Id*. Mr. Cortez provided evidence that because of Mr. Garner's character, coachings and reprimands by Mr. Garner against Mr. Cortez were overruled and his last annual evaluation by Mr. Garner was to be redone by Janice Trelewicz, unfortunately, Mr. Cortez was constructively discharged before a reevaluation was performed. *Id*. Therefore, testimony and evidence that call's into question Mr. Garner's integrity should be allowed.

## CONCLUSION

Plaintiff agrees with Defendant that the Court should prohibit comment on pre-trial rulings, and state that the ruling should prevent both Plaintiff and Defendant equally. Nonetheless, Plaintiff does not agree with the other assertions made by Defendant and therefore, Plaintiff Robert Cortez, respectfully requests that this Court deny the Defendant's Motion in Limine as discussed above.

9

Respectfully submitted,
RODRIGUEZ LAW FIRM,

_____
AUGUSTINE M. RODRIGUEZ, ESQ.
Attorney for Plaintiff
500 Oak St., NE, Ste. 211
Albuquerque, NM 87106
(505) 332-3173
(505) 332-3181 Facsimile

I hereby certify that a true and correct copy of the foregoing Pleading was mailed to Counsel of Record this 21st day of January, 2005.

_____
AUGUSTINE M. RODRIGUEZ, ESQ.