IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CORTEZ,

    Plaintiff,

vs.                                        CIV. No. 03-1251 BB/LFG

WAL-MART STORES, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion for judgment as a matter of law or, in the alternative, for remittitur, filed by Defendant (Doc. 84). As the Court has already denied the request for judgment as a matter of law, in open court, this opinion addresses only the remittitur issue.

Defendant argues the compensatory damages awarded by the jury are not supported by sufficient evidence. Defendant argues the jury awarded an amount greater than can be supported by the testimony of Plaintiff's expert. A jury's award of damages will be upheld unless it is clearly erroneous or there is no evidence to support the award. *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1076 (10th Cir. 2002). The amount of lost wages awarded by the jury in this case is $145,000. The Court has reviewed the testimony of Plaintiff's expert as well as Angel Valdez, who provided the only evidence concerning the backpay issue. The expert's testimony was as follows: (1) Plaintiff would have earned $170,491 in salary and benefits in 2002, if he had been a general manager; (2) if he had been a general manager, Plaintiff would also have earned $58,479 in salary and benefits in 2003, up until the date he resigned; (3)

Plaintiff actually earned $63,015 in salary and benefits in 2002; and (4) Plaintiff actually earned $34,614 in salary and benefits in 2003, up until the date he resigned. According to the expert's testimony, therefore, the amount of backpay lost by Plaintiff because he was not promoted to general manager was $131,342 (the amount he would have earned as general manager during the period in question, less the amount he actually earned).

The evidence from Angel Valdez, on the other hand, reveals a lower lost-wages figure than the testimony of the expert. Valdez testified he actually earned $171,635 during the period in question, as a general manager. Adding a percentage of that salary for benefits (as testified to by the expert), then subtracting the amount Plaintiff actually earned during the relevant period, results in a figure of less than $114,000.[1]

The greatest amount of lost wages supported by the evidence, therefore, is the $131,342 amount established by the expert's testimony. A remittitur must therefore be granted. *See Guides, Ltd., supra.* However, the Court cannot force Plaintiff to accept the remittitur; Plaintiff must be given the option of declining the remittitur and instead opting for a new trial limited to damages. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 360 F.3d 1220, 1225 (10th Cir. 2004). Plaintiff must therefore notify this Court, within five days of the date of this opinion, of his decision to either accept the remittitur and have the backpay award reduced to $131,342, or to reject the remittitur and have a new trial on damages.

---

[1] Plaintiff's only argument in opposition to the request for remittitur was a contention that the damages should be increased, and he should be awarded the entire amount of salary earned by Angel Valdez as a general manager. In other words, Plaintiff's position is that he is entitled to the wages of a general manager, without subtracting the amount he earned as a merchandise manager during the relevant period. This position is patently without merit, as it would result in a double recovery.

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendant's motion for judgment as a matter of law or, in the alternative, for remittitur (Doc. 84) be, and hereby is, GRANTED in part and DENIED in part. Plaintiff is hereby ordered to notify the Court of his decision concerning remittitur, within five days of the date of this opinion and order.

Dated this 15th day of April, 2005.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS:**
**For Plaintiff:**
Augustine M. Rodriguez

**For Defendant:**
Charles R. Peifer
Christopher T. Saucedo