IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 24 2006

MATTHEW J. DYKMAN
CLERK

**ROBERT CORTEZ,**

    **Plaintiff,**

v.

    No. CIV 03-1251 BB/LFG

**WAL-MART STORES, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

I.    INTRODUCTION

THIS MATTER is before the Court on the Magistrate Judge's Findings of Fact and Recommended Disposition on Plaintiff's Motion for Attorney's Fees, filed December 22, 2005 [Doc. 119]. In his proposed findings and disposition, the Magistrate Judge recommended that Plaintiff's Motion be granted in part and denied in part, with the result that Plaintiff's application for attorney's fees be reduced by 40%. Specifically, the Magistrate Judge recommended that Plaintiff receive $46,720.45 in attorney's fees rather than his request of $77,867.42. Plaintiff did not file any objections to the Magistrate Judge's recommended disposition. However, on January 9, 2006, Defendant Wal-Mart Stores, Inc. ("Sam's Club") filed objections, arguing primarily that the fee application should have been denied in its entirety. [Doc. No. 120.] The Court conducted a *de novo*



review of those portions of the Magistrate Judge's findings and recommended disposition to which Sam's Club objects.

II.     LEGAL STANDARD

The standard of review is contained in 28 U.S.C. § 636(b)(1), which provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The reviewing court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b) (setting forth essentially the same standard).

III.    OBJECTIONS BY DEFENDANT SAM'S CLUB

In both its initial response [Doc. No. 112] and its supplemental response [Doc. No. 118] to Plaintiff's motion for attorney's fees, Sam's Club argued that Plaintiff's fee application should be denied in its entirety because of Plaintiff's failure to timely file his application, or alternatively, denied in part by reducing the fee request to reflect lack of success on some claims and failure to adequately maintain fee records. The Magistrate Judge thoroughly addressed and analyzed both of Sam's Club's arguments [Doc. No. 119, pp. 6 and 9], but ultimately proposed that the fee application be reduced rather than denied in its entirety. The Magistrate Judge recommended that the fee request be reduced by 40% to account for Plaintiff's use of block billing and vague billing entries, excessive billing, inappropriate billing for clerical functions, and Plaintiff's partial success in the lawsuit. Specifically, the Magistrate Judge stated the following:

> It has been held that the "most critical factor" in determining the reasonableness of a fee award is the "degree of success obtained." The Court finds that the relatively narrow extent of Cortez's victory, when compared with what was initially alleged and sought, and taking into consideration the failure of Plaintiff's counsel to recognize

2

> the futility of some of [the] claims he pursued in this action, justifies a reduction in the fee amount.

[Doc. No. 119, pp. 20-21] (internal citation omitted).

Although the Magistrate Judge accepted Sam's Club alternative argument that the fee application be reduced, Sam's Club now objects to the proposed disposition based on an argument that the Chief Magistrate Judge "made an arbitrary reduction in the amount of attorneys fees awarded rather than denying the fee application in its entirety." [Doc. No. 120.] Sam's Club asserts that the Magistrate Judge's recommendation "is not only unprecedented, but is inconsistent with precedent from this district and the Tenth Circuit."

The Magistrate Judge correctly noted that Plaintiff's fee application was filed 85 days after judgment was entered, in violation of the District Court's local rule requiring fee requests be filed no later than 30 days after judgment is entered. Plaintiff offered a number of explanations for his late filing, and the Magistrate Judge found that the explanations "border[ed] on frivolous." After rejecting each of Plaintiff's explanations, the Magistrate Judge commented that "[t]he Court would therefore be well justified in denying Cortez's Motion for Attorney's Fees, given the late filing and lack of reasonable excuse therefor." [Doc. No. 119, p. 8.] However, the Magistrate Judge declined to reject the fee application in its entirety, observing that the District Court's local rules specifically provide that their requirements "may be waived by a Judge to avoid injustice" [Doc. No. 119, p. 8] [*citing* D.N.M. LR-Civ 1.7] and Tenth Circuit authority that confers the trial court with discretion to excuse compliance with local rule deadlines. *See, e.g.*, American Constitutional Law Foundation, Inc. v. Muftic, 956 F.2d 958 (10th Cir. 1992); Hernandez v. George, 793 F.2d 264, 266-68 (10th Cir. 1986). The Magistrate Judge concluded that "in this case, rather than deny fees altogether, an

alternative approach would appear more just, and that alternative approach will be to impose a fee reduction due to the violation. The Court will therefore exercise its discretion and will consider the tardy fee application." [Doc. No. 119, p. 9.]

Sam's Club argues that "[w]ithout explanation, Judge Garcia found that reducing the Plaintiff's fees would be 'more just' than denying the motion as untimely." [Doc. No. 120, p. 2.] Moreover, because Plaintiff offered no legitimate reason for the untimely filing and failed to show good cause to excuse the late filing, Sam's Club asks this Court to reject Judge Garcia's recommendation and deny the fee request in its entirety. In support of its position, Sam's Club cites a number of cases from this Circuit, this District and other districts where late fee applications were rejected in their entirety.

Some of the cases relied upon are distinguishable. For example, in Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F.2d 888, 889 (10th Cir. 1964), as noted by Sam's Club itself, the fee application was filed 180 days after judgment was entered, in contrast to the facts in this case. Sam's Club cites a portion of the Tenth Circuit's reasoning in denying the untimely fee request in Woods, noting the importance of "a time limit for the conclusion of the litigation." Id. at 889. "An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly." Id.

Here, Sam's Club filed its Notice of Appeal on June 7, 2005 [Doc. No. 101], less than thirty days after judgment was entered on May 19, 2005 [Doc. No. 94]. Thus, it does not appear that Sam's Club premised its decision to appeal on Plaintiff's fee application since the time for that application had not run as of the date Sam's Club noticed its appeal. Thus, the Court does not find

that Woods strongly supports Sam's Club's position, notwithstanding this Court's agreement with the importance of both finality of litigation and adherence to the local court rules.

Several other cases cited by Sam's Club are distinguishable. In Dodson International Parts, Inc. v. Altendorf, 2005 WL 1799247 (D. Kan. June 29, 2005), the district court rejected a bill of costs that was filed late, but did not address an untimely attorney fee request. In rejecting the untimely bill of costs (in the amount of $145.90), the court noted that the history of that case had been "atypically long" thereby increasing the importance of finality concerns. *See also* O'Shea v. Yellow Technology Services, Inc., 208 F.R.D. 634 (D. Kan. 2002) (court rejected untimely costs bill rather than attorney fee application).

In Hernandez v. George, the Tenth Circuit affirmed the district court's decision declining to reject a fee application based on an untimely filing under the court's local rules. In affirming the district court's decision, the Tenth Circuit noted that while it has held that local rules are binding in some circumstances, it also has recognized the district courts' discretion in applying and interpreting local rules. Furthermore, in an earlier case, the Tenth Circuit stated that "[c]onsiderable deference is accorded to the district court's interpretation and application of their own rules of practice and procedure." 793 F.2d at 266 (internal citation omitted). In Sunwest Silver, Inc. v. International Connection, Inc., No. CIV 97-838 PK/WWD (D.N.M. May 7, 1998), this district court noted its discretion to excuse an untimely fee application although it declined to do so under the facts of that case.

The Court acknowledges the authority cited by Sam's Club that supports its position that courts inside and outside this district have rejected entire fee applications because of untimeliness and/or because the party requesting fees failed to demonstrate good cause for the untimeliness.

5

Notwithstanding this authority, there is no question that courts in this district have the discretion to forgive violations of local rules under certain circumstances. In this case, the Court concludes that the Magistrate Judge's proposed disposition is a proper exercise of the court's discretion to excuse an untimely fee application. Judge Garcia stated that to deny the fee application in its entirety would be essentially too harsh a result in this case and that the alternative approach in imposing a fee reduction would be more just. The Court agrees.

In addition, the Court finds unpersuasive Sam's Club's objection that such a decision will lead to an unnecessary increase in disputes over fee applications. For one thing, the Court does not envision parties routinely neglecting to follow court deadlines based on the Court's decision in this case. Moreover, it simply does not follow that the Court's decision to reduce the fee request in this case will prompt parties to take unwise risks by filing untimely fee applications.

Furthermore, the Court disagrees that Judge Garcia was required to "specify" the penalty for each of Plaintiff's billing vagaries or infractions or that the Magistrate Judge was required to "articulate a formula" in reducing the fee as he did. The Magistrate Judge's recommended disposition carefully and thoroughly describes why Judge Garcia recommended reducing the fee request by 40%. In addition, the Magistrate Judge's analysis follows Tenth Circuit precedent in determining the amount of an appropriate attorney fee award. *See, e.g.*, Jane L. v. Bangerter, 61 F.3d 1505, 1510-11 (10th Cir.1995) (35% reduction of attorney fee award was not abuse of discretion; district court makes a qualitative assessment of the importance of the prevailing party's successes and failures).

## IV. CONCLUSION

Thus, after a *de novo* review, the Court overrules Sam's Club's objections and adopts the Magistrate Judge's proposed findings of fact and recommended disposition.

IT IS HEREBY ORDERED that the findings and recommended disposition of the United States Magistrate Judge are adopted by the Court; and

IT IS FURTHER ORDERED that Plaintiff's attorney's fee application [Doc. No. 111] is granted in part and denied in part, with the result that Plaintiff's fee request is reduced by 40%, thereby resulting in a fee award of $46,720.45.

*[signature]*
UNITED STATES DISTRICT COURT